UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                                              :         12 Cr. 798 (LAP)
            - against -                                 :         **MEMORANDUM OF LAW**
                                                              :
Reza Olangian,                                     :
                                                              :
                        Defendant.               :
------------------------------------------------------x

# ARGUMENT

## THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE DEFENDANT WITH ALL ADDITIONAL DISCOVERY AND EXCULPATORY MATERIAL PURSUANT TO BRADY, KYLES, GIGLIO, and RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

a.   Exculpatory and Impeachment Material

Defendant Reza Olangian moves pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, Fed. R. Evid 404(b) and 403, and Fed. R. Crim. Pro. Rule 16 for an order directing the government to provide defense counsel with additional discovery, as well as exculpatory and impeachment material, as detailed below.

The law has long required the government to produce exculpatory material in its possession to a defendant in sufficient time, and in sufficient form, to permit the defendant to use the evidence effectively at trial.  Indeed, it is well established that disclosure of exculpatory material should be made in advance of trial to permit "full exploration and exploitation by the defense." Grant v. Alldredge, 498 F.2d 376,382 (2d Cir. 1974).  See also United States v. Frank, 11 F. Supp.2d 322,324 (S.D.N.Y. 1998) ("[e]xculpatory material must be disclosed ... in sufficient time to permit a defendant to make effective use of it at trial").  Such early disclosure

follows the' principle that "[o]rdinarily it is disclosure rather than suppression, that promotes the proper administration of criminal justice." United States v. Baum, 482 F.2d 1325,1331 (2 nd Cir. 1973).

     The Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady, 373 U.S. at 87. The heart of the Brady obligation rests on timely disclosure to allow sufficient time for "full exploration and exploitation by the defense." Grant v. Alldredge, 498 F.2d at 382; United States v. Gleason, 265 F.Supp. 880,885 (S.D.N.Y. 1967); accord Brady, 373 U.S. at 87-88 ("A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice... )

Relying on its holding in Brady, the Supreme Court in Giglio v. United States held that "when the reliability of a given witness may well be determinative of guilt or innocense, non-disclosure of evidence affecting credibility falls within this general rule." 405 U.S. 150, 154, 31 L.Ed. 2d 104, 92 S.Ct. 763 (1972). Thus the Supreme Court has "rejected any such distinction between impeachment evidence and exculpatory evidence," determining that "impeachment evidence ... as well as exculpatory evidence falls within the Brady rule. United States v. Lino, 00 Cr. 632 (WHP) *quoting* United States v. Bagley, 473 U.S. 667,676, 87 L.Ed. 2d 481, 105 S.Ct. 3375 (1985); see also Kyles v. Whitley, 514 U.S. 419,433, 131 L.Ed. 2d 490, 115 S.Ct. 1555 (1995)("the Court disavowed any difference between exculpatory and impeachment

evidence for Brady purposes").  Furthermore, "the government's Brady obligations are not modified merely because they happen to arise in the context of witness statements or grand jury testimony .... What is most persuasive is that the purpose of the Brady duty is to give the defendants a fair opportunity to prepare their defenses well in advance of trial." United States v. McVeigh, 923 F. Supp. 1310,1315 (D. Col. 1996).  Cf.  Dickerson v. United States, 530 U.S. 428,120 S.Ct. 2326 147 L.Ed. 2d 405 (2000).

Observations by the Second Circuit directly support this statement of law.  See United States v. Avellino, 136 F.3d 249,255 (2nd Cir. 1998).("Information coming within the scope of [Brady] includes not only evidence that is exculpatory, i.e. going to the heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, i.e. having the potential to alter the jury's assessment of the credibility of a significant prosecution witness."; United States v. Wong, 78 F.3d 73,79 (2nd Cir. 1996); United States v. Lino, 00 Cr. 632 (WHP), 2000 U.S.Dist. LEXIS 18753, 48-49 (2000).

The Court has recognized the need for a the immediate production of Brady material to defendants, upon request.  The due process obligations of Brady obligate the government to disclose exculpatory information as soon as the character of such information is recognized. United States v. Mitchell, 372 F. Supp. 1239,1257 (S.D.N.Y. 1973), appeal dismissed and mandamus denied sub. nom. Stans v. Gagliardi, 485 F.2d 1290, 1251 (2d Cir. 1973).  In Lino, the Court directed the Government to produce to the defendants immediately any written or oral statement, including statements recorded in investigative meeting notes, by any witnesses the Government anticipates calling in its case-in-chief  to the extent such statements contain exculpatory or impeachment information.  Lino, 00 Cr. 632, 2000 (WHP), U.S.Dist. LEXIS

18753, 48-49 (2000). The Court noted that "there may be instances where disclosures of exculpatory evidence for the first time during trial would be too late to enable the defendant to use it effectively in his own defense, particularly if it were to open the door to witnesses or documents requiring time to be marshaled and presented". <u>Grant v. Alldredge</u>, 498 F.2d at 383. See <u>Goldman</u>, 439 F.Supp. at 349)( "if exculpatory evidence is produced for the first time at trial, the defendant may not have an adequate opportunity to effectively utilize the materially, particularly if it points to the existence of other evidence helpful to the defendant.")(emphasis added).

b. <u>Disclosure of Statements of Interviewed Individuals Under Kyles</u>

The defendant moves, pursuant to <u>Kyles v</u>. <u>Whitley</u>, 514 U.S. 419, 115 S.Ct. *1555,* 131 L.Ed. 2d 490 (1995), for the disclosure by the government of (a) any contradictory or inconsistent statements made to any law enforcement personnel and/or prosecutors by any individual(s), in connection with the investigation of this case regardless of whether the government intends to call those individuals in its direct case; (b) any evidence that would tend to inculpate someone other than defendant, in the indictment, overt act or pattern of illegal activity; and © any evidence which is inconsistent with the theory of the government's case, as set forth in its indictment as it pertains to the role or activity of defendant.

c. <u>Prior Bad Acts and Criminal Convictions</u>

The defendant requests, pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence to preclude the government from introducing at trial evidence of any prior or illegal acts and/or criminal convictions of Reza Olangian , or in the alternative, the Court is asked, pursuant to Fed.R. Crim. Proc. 16(a)(1)© to direct the government to disclose any and all bad acts which the government would seek to

introduce against the defendant in such sufficient and reasonable time that the defendant may move to preclude the introduction of such evidence.

Rule 404 (b) of the Federal Rules of Evidence provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Like the majority of other Circuits, the Second Circuit follows an inclusionary approach. United States v. Peterson, 808 F.2d 969, 974 (2 d Cir. 1987); United States v. Brennan, 789 F.2d 581, 589, (2 nd Cir. 1986). See also Government of Virgin Islands, 903 F.2d 267, 270 (3rd Cir. 1990). Under this inclusionary approach, evidence of other crimes is admissible for purposes other than to show a defendant's criminal propensity. See ". United States v. Traitz, 871F.2d368,389(3rdCir.)cert. denied U.S._,110S.Ct.78(1989);United States v.Simmons 678 F.2d 1042, 1050 (3rd Cir. 1982).

However, an "inclusionary view of the rule regarding other crimes and similar acts evidence .... is by no means [a] view that such evidence is either presumed relevant or automatically admissible. United States v. Halper, 422 F.2d 432 (2 nd Cir. 1978). Thus, before admitting such evidence, a court must determine whether the evidence is (a) in fact, advanced for a proper purpose; (b) relevant to the crime for which the defendant is on trial; © more probative than prejudicial within the framework of Rule 403, Fed. R. Evid.; and (d) if requested is admitted with a limiting instruction. Huddleston v,. United States, 485 U.S. 681, 691 (1988); United States v. Scarfo, 850 F.2d 1015, 1019 (3rd Cir.) cert. denied, 488 U.S. 909 (1988).

A defendant in a criminal case must be afforded "a fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment." United States v. Baum, 482

F.2d. 1325, 1332 (2 nd Cir. 1973).  In this way, a defendant may seek a pre-trial ruling to bar the admission of such evidence and at the same time, also prepare to meet any such evidence ruled admissible after the pre-trial rulings.

If the government seeks to introduce evidence of any prior bad acts of defendant it must disclose said bad acts sufficiently in advance of her trial so that he may seek preclusion and/or prepare to defend against such "bad act" evidence.  In the alternative, the government should be precluded from introducing any bad acts of the defendant at trial.

## CONCLUSION

For all the reasons set forth herein, the relief requested should be granted.

                Respectfully submitted,

                *Lee Ginsberg*

                Lee A. Ginsberg
                Attorney for Defendant
                75 Maiden Lane, Suite 503
                New York, New York 10038
                (212) 608-0808

Dated: New York, New York
October 31, 2014

7