UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | 12 Cr. 798 (LAP) |
| REZA OLANGIAN, | : | |
| Defendant. | : | |

-------------------------------------------------------------x

## MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN OPPOSITION TO THE DEFENDANT'S PRETRIAL MOTION FOR ADDITIONAL DISCOVERY AND OTHER MATERIAL

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

Sean S. Buckley
Shane T. Stansbury
Assistant United States Attorneys
- Of Counsel -

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the pretrial motion of defendant Reza Olangian.  The defendant seeks an order from the Court compelling the Government to produce Rule 16 discovery, as well as *Brady*, *Giglio*, Jencks Act, and other material.  For the reasons set forth below, the defendant's requests are premature, meritless, and/or moot.  The motion should be denied in its entirety.

## BACKGROUND

On October 19, 2012, a grand jury sitting in this District returned indictment 12 Cr. 798 (LAP) (the "Indictment"), charging the defendant in four counts.  Count One of the Indictment charges the defendant with conspiracy to acquire and transfer anti-aircraft missiles, by a United States national outside the United States, in violation of Title 18, United States Code, Sections 2332g and 3238.  Count Two charges the defendant with attempt to acquire and transfer anti-aircraft missiles, in violation of Title 18, United States Code, Sections 2332g, 3238, and 2.  Count Three charges the defendant with conspiracy to export, re-export, sell, or supply goods to Iran by a United States person, without having first obtained the requisite licenses or authorizations, in violation of Title 50, United States Code, Sections 1701 through 1707, and Title 18, United States Code, Section 3238.  Count Four charges the defendant with attempt to export, re-export, sell, or supply goods to Iran by a United States person, without having first obtained the requisite licenses or authorizations, in violation of Title 50, United States Code, Sections 1701 through 1707, and Title 18, United States Code, Sections 3238 and 2.

No trial date has been set in the case.

# ARGUMENT

I.  **THE DEFENDANT'S REQUESTS FOR DISCOVERY SHOULD BE DENIED AS MOOT AND/OR PREMATURE**

The defendant requests an order from the Court compelling the Government to produce Rule 16 discovery, as well as *Brady*, *Giglio*, Jencks Act, and other material. The defendant's requests are either premature or moot, and should be denied.

   A.  **Rule 16 Discovery Material**

The Government already has provided a voluminous amount of Rule 16 discovery to the defendant, including nearly all of the items identified in the Affirmation attached to the defendant's motion. (*See* Affirmation of Lee Ginsberg, Esq. (Ginsberg Aff.) at ¶ 12). Indeed, the defendant's motion acknowledges this, and apparently he has filed his motion merely out of "an abundance of caution." (*Id*. at ¶¶ 7-8). In any event, the Government recognizes, and has previously acknowledged in communication with defense counsel, that its obligation to provide discovery is of a continuing nature. As such, the Government has undertaken to supplement the discovery provided to the defendant to the extent any additional Rule 16 material has become available. Therefore, the defendant's request for additional Rule 16 material should be denied as moot.[1]

   B.  ***Brady* Material**

The defendant also seek discovery of all materials in the possession of the Government favorable to the defendant pursuant to *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963) and its

---

[1] The Government notes that, at the defendant's request and prior to the filing of the instant motion, the Government provided a full copy of the voluminous discovery that had already been produced to the defendant earlier this year. The Government also notes that, following the filing of the defendant's motion, the Government contacted defense counsel and requested counsel to clarify with precision any remaining items the defendant is requesting pursuant to Rule 16, given that the affirmation attached to the defendant's motion requests a laundry list of items, almost all of which have already been provided. The Government has agreed to provide the few remaining items identified by the defendant in those discussions.

progeny, including *Kyles* v. *Whitley*, 514 U.S. 419 (1995). (*See* Def. Mem. at 1-4). The Government acknowledges its obligation to provide disclosure under *Brady*, and memorialized this acknowledgment in its March 28, 2014 discovery letter to the defendant. The Government is presently unaware of any *Brady* material in this case. The Government is mindful of its continuing obligation to disclose *Brady* material, and will produce any such material promptly upon learning of its existence.

Because the Government has made a good-faith representation to the Court and defense counsel that it recognizes and has complied with its disclosure obligations under *Brady*, the defendant's request should be denied. *See, e.g., United States* v. *Gallo*, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) (denying defendant's motion to compel production of *Brady* material based on Government's representations that "it is aware of its obligations under *Brady* . . . and will produce any *Brady* material to the defense well before trial"); *United States* v. *Yu*, No. 97 CR 102 (SJ), 1998 WL 57079, at *4-*5 (E.D.N.Y. Feb. 5, 1998) (denying defense request that Government provide early disclosure of *Brady* material because Government acknowledged its continuing obligation to provide exculpatory material upon its discovery and assured that it would comply with that obligation); *United States* v. *Perez*, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (same).

   C. ***Giglio* And Jencks Act Material**

The defendant also seeks the advanced disclosure of prior statements of the Government's witnesses, as well as various materials and information in the Government's possession that may be used to impeach or cross-examine such witnesses. (*See* Def. Mem. at 2; Ginsberg Aff. at ¶¶ 9, 12(R), 14). There is no basis for these requests.

3

As a threshold matter, all such requests are premature, for the Government has not yet identified which witnesses it intends to call at trial. In any event, the law is clear that the Government is under no obligation under the Jencks Act to produce prior statements of its witnesses until *after* each has testified on direct examination. *See* 18 U.S.C. § 3500. Courts in this Circuit have consistently held that the district court lacks the power to mandate early production of Jencks Act material. *See, e.g., United States ex rel. Lucas* v. *Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987); *United States* v. *Ortiz-Montoya*, No. 93 Cr. 0050 (RWS), 1995 WL 37841, at *1 (S.D.N.Y. Jan. 31, 1995); *United States* v. *McGuinness*, 764 F. Supp. 888, 896 (S.D.N.Y. 1991); *see also* Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by any prospective government witnesses except as provided in 18 U.S.C. § 3500.").

Similarly, courts in this Circuit have repeatedly refused to compel disclosure of impeachment or *Giglio* material well in advance of trial. In *United States* v. *Coppa*, 267 F.3d 132 (2d Cir. 2001), the Second Circuit held that the Government is not required to produce *Giglio* material until it produces "3500 material" pursuant to the Jencks Act, so long as the Government provides the *Giglio* material in time for its effective use at trial. *Id*. at 145-46; *see also United States* v. *Nixon*, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); *United States* v. *Greyling*, 00 Cr. 631 (RCC), 2002 WL 424655, at *2 (S.D.N.Y. Mar. 18, 2002) (production of *Giglio* material by the Wednesday before the week in which a witness will testify is appropriate); *Gallo*, 1999 WL 9848, at *7-*8 (denying defendants' motions to require the early production of *Giglio* and 3500 material based on Government's representations that it would provide the information sufficiently in advance of each witness's testimony to allow adequate time to prepare

for cross-examination); *United States* v. *Mejia*, No. 98 Cr. 4, 1998 WL 456257, at *1 (S.D.N.Y. Aug. 5, 1998) (denying defendant's motion to compel all impeachment material under *Giglio* based on the Government's representations that it would make such information available at the time that it provides 3500 material).

However, in order to avoid any adjournment or delay in the trial which might conceivably occur if Jencks Act and *Giglio* material were not produced until after the Government's witnesses have testified, the Government will adhere to its customary practice of producing impeachment material at the same time as Jencks Act material, *i.e.*, shortly before the beginning of trial, or, if additional time is reasonably required to review such material, sufficiently in advance of the witness's testimony so as to avoid any delay at trial. This practice will allow defense counsel adequate time to prepare for cross-examination of Government witnesses as they come up at trial. Accordingly, the defendant's motion for the early production of *Giglio* and Jencks Act material should be denied as premature.

### D. Witness List and Expert Disclosure

Although not addressed in the memorandum in support of his motion, the defendant appears to request disclosure of the names and addresses of the Government's witnesses. The defendant also appears to request the qualifications and prior statements of any expert witnesses that will testify at trial. (*See* Ginsberg Aff. ¶¶ 12(L), 12(Q)). These requests should be denied.

"Fed. R. Crim. P. 16 does not require the Government to furnish the names and addresses of its witnesses." *United States* v. *Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Nor does any other rule or statute obligate the Government to disclose the identity of its prospective witnesses. *See United States* v. *Alessi*, 638 F.2d 466, 481 (2d Cir. 1980) ("[T]he prosecution [is] under no obligation to give [the defendant] advance warning of the witnesses who would testify against

5

him." (citing *Weatherford* v. *Bursey*, 429 U.S. 545, 559 (1977)).  To the extent a defendant seeks to demonstrate that such information is necessary, "[t]he burden is on the defendant[] to make some particularized showing of need, beyond the obvious assertion that such a list would facilitate preparation for trial."  *United States* v. *Pastor*, 419 F. Supp. 1318, 1330 (S.D.N.Y. 1975); *see also United States* v. *Bejasa*, 904 F.2d at 139-40; *United States* v. *Ordaz-Gallardo*, 520 F. Supp. 2d 516, 521 (S.D.N.Y. 2007) ("The Second Circuit has held, however, that in the absence of a specific showing that disclosure [of a witness list] was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case, the request for a witness list should be denied." (internal quotation marks omitted)).  Because this "heavy burden," *United States* v. *Alvalle*, No. 85 Cr. 419 (JFK), 1985 WL 2348, at *1 (S.D.N.Y. Aug. 22, 1985), rarely can be met, requests for witness lists routinely are denied in this District, *see, e.g.*, *United States* v. *Ahmad*, 992 F. Supp. at 685; *United States* v. *Perez*, 940 F. Supp. 540, 552 (S.D.N.Y. 1996).  Here, there has been no particularized (or any) showing of need by the defendant, and his request should be denied.[2]

The defendant's request for "all training, treaties, experiences and writings," as well as any prior statements, of expert witnesses should also be denied.  The Government is aware of its disclosure obligations under Rule 16 and the Federal Rules of Evidence, and will comply with those obligations if it seeks to introduce expert testimony at trial.  Rule 16(G) provides that, "[a]t the defendant's request, the government must give to the defendant a written summary of any

---

[2] Moreover, disclosure of identifying information of witnesses in a case such as this one, which involves alleged trafficking in surface-to-air missiles and other materials intended to be supplied to the Government of Iran, would be particularly inappropriate, given obvious safety concerns. Courts in this Circuit have recognized that issues of witness safety are of particular concern and the nature of the offense itself can weigh in favor of not disclosing informant or cooperator-related information.  *See, e.g.*, *United States* v. *Taylor*, 707 F. Supp. 696, 703 (S.D.N.Y. 1989) (noting, in the context of a narcotics case where defendant requested a witness list, that "[e]specially in narcotics cases . . . the dangers of witness intimidation, subordination of perjury or actual injury to witnesses are great").

testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial," which should contain "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." To date, the Government has not yet identified any topics of expert testimony that it would seek to introduce at trial. Should the Government identify such experts as it continues its trial preparations, the Government will provide the requisite notice to defense counsel. Accordingly, to the extent the defendant seeks at this time information relating to expert witnesses expected to testify at trial, the request should be denied as premature.[3]

## II. THE DEFENDANT'S PREMATURE MOTION TO PRECLUDE RULE 404(B) EVIDENCE AND/OR FOR RULE 404(B) NOTICE SHOULD BE REJECTED

The defendant further requests that the Court order the Government to "preclude the government from introducing at trial evidence [ ] any of any prior or illegal acts and/or criminal convictions" of the defendant, or "in the alternative . . . to direct the government to disclose any and all bad acts which the government would seek to introduce against the defendant in such sufficient and reasonable time that the defendant may move to preclude the introduction of such evidence." (Def. Mem. at 4-5; Ginsberg Aff. ¶ 12(K)). This request is baseless and, at best, premature.

The defendant's request to categorically preclude the Government from introducing *any* evidence under Rule 404(b) of the Federal Rules of Evidence -- when such evidence has not even

---

[3] The affirmation in support of the defendant's motion makes passing reference to a request for a bill of particulars, although it appears that no request has actually been made. (*See* Ginsberg Aff. ¶¶ 8). In any event, no bill of particulars is justified here. A bill of particulars is required only where the indictment is so general that it does not advise the defendant of the specific acts of which he is accused. *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted); *United States* v. *Gibson*, 2001 WL 460935, at *3 (S.D.N.Y. May 1, 2001) ("[A] bill of particulars is not a matter of right."). Here, a bill of particulars is not necessary given the substantial detail provided in the Amended Complaint (which charged the defendant with the same crimes alleged in the Indictment), the Indictment, and the voluminous discovery produced in this matter.

7

been identified and the admissibility of such evidence is therefore not ripe for review -- is meritless on its face.  In any event, even to the extent that the defendant seeks Rule 404(b) notice, the defendant's request is premature.  Motions to preclude such "other bad acts" evidence are typically filed as motions *in limine*.  No trial date has been set in this case, and accordingly the Court has not yet set a schedule for motions *in limine*.  The defendant's request for Rule 404(b) notice at this time is therefore unwarranted.  *See United States* v. *Campbell*, No. 04 Cr. 903 (GEL), 2005 WL 1875774, at *3 (S.D.N.Y. July 26, 2005) (denying defendant's motion without prejudice as "premature, as there is currently no indication that the Government seeks to [cross-examine the defendant with his prior convictions, or introduce 404(b) evidence], and certainly no indication that the Government plans to do so in a way that violates Rules 404(b) and 609"); *United States* v. *Garcia*, No. 94 Cr. 1003 (LMM), 1996 WL 51197, at *3 (S.D.N.Y. Feb. 8, 1996).  Even if the request were not premature, the Government is well aware of the provisions for pretrial notice set forth in Rule 404(b), and will provide Rule 404(b) notice prior to trial in a manner consistent with those provisions.

Rule 404(b) provides no strict time deadline for the provision of notification to opposing counsel.  The rule merely requires that the Government provide "*reasonable* notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown" of its intent to use evidence of other crimes, wrongs, or bad acts.  Fed. R. Evid. 404(b) (emphasis added).  Applying this rule, courts have held that Rule 404(b) notice provided within days of trial is reasonable. *See United States* v. *Valenti*, 60 F.3d 941, 945 (2d Cir. 1995) (in embezzlement case, four days' notice of evidence of prior wire transfers showing defendant's knowledge sufficient notice of other acts evidence under Rule 404(b)); *United States* v. *Triana-Mateus*, No. 98 Cr. 958 (SWK)

2002 WL 562649, at *6 (S.D.N.Y. Apr. 15, 2002) (directing Government to provide 404(b) notice two weeks before trial).

Accordingly, the defendant's motion to categorically preclude Rule 404(b) evidence or to require the Government to provide Rule 404(b) notice at this stage of the case is not supported by the rule or by precedent.  The Government respectfully requests that, subject to the Court's approval, the parties jointly agree on a schedule for the disclosure of Rule 404(b) material, along with other pretrial disclosures, as the date for trial (which has not been set) approaches.  In the meantime, the defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied in its entirety.


Dated: New York, New York
       November 21, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:    ____/s/_____
       Sean S. Buckley
       Shane T. Stansbury
       Assistant United States Attorneys
       Tel.: (212) 637-2261 / 2641