```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          12 Cr. 798 (LAP)

REZA OLANGIAN,

               Defendant.

------------------------------x
                                       New York, N.Y.
                                       January 9, 2015
                                       9:00 a.m.


Before:

              HON. LORETTA A. PRESKA,

                           Chief Judge


                   APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SHANE STANSBURY
     Assistant United States Attorney

LEE A. GINSBERG
     Attorney for Defendant
```

1           (Case called)
2           THE COURT:  Good morning.  Is the government ready?
3           MR. STANSBURY:  Yes.  Good morning, your Honor.  Shane
4    Stansbury for the government.
5           THE COURT:  Good morning.  Is the defense ready?
6           MR. GINSBERG:  Yes, your Honor.  Lee Ginsberg
7    appearing for Mr. Olangian.
8           THE COURT:  Good morning.  Counsel, as you know, I
9    have your motions and have reviewed them.
10          For the record, the motion seeks generalized discovery
11   that includes all Brady material, all Rule 16 discovery
12   material, early production of Jencks Act and Giglio material,
13   expert disclosures, the government's witness list, and the bill
14   of particulars.
15          In addition, defendant requests notice of any 404(b)
16   evidence that the government plans to introduce, and
17   preemptively asks the Court to preclude the government from
18   introducing any of the defendant's prior illegal acts or
19   criminal convictions at trial.
20          The defense motion, however, does not identify any
21   specific discovery that has been withheld, any particularized
22   need for a witness list or bill of particulars, or any prior
23   bad acts or convictions that the government might introduce at
24   trial.
25          Indeed, defense counsel quite candidly "acknowledges

that the government has responded to (all discovery requests) and has provided the defendant with a substantial amount of discovery."

Ultimately, the motion is made, in counsel's words "out of an abundance of caution," as a belt and suspenders strategy of protecting the defendant's discovery rights.

The government's opposition is persuasive. To the extent that the defendant seeks Rule 16 discovery, Brady material, and expert material, the government notes that it is aware of its production obligations and has already turned over all such material in its possession. The government further assures the Court that it will continue to produce such discovery in a timely manner, to the extent it becomes available.

Regarding the Giglio and Jencks Act material, the government notes that the request is premature because a trial date has not been set, and the government again assures the Court that it will produce all such material "sufficiently in advance of a witness's testimony so as to avoid any delay at trial."

The government opposes the production of the names and addresses of its witnesses because the defense has not made a particularized showing of need, and because this case, which involves alleged trafficking of surface-to-air missiles in Iran, triggers safety concerns for government witnesses.

1    The government opposes production of a bill of
2 particulars because the indictment, amended complaint, and
3 discovery all provide sufficient detail regarding the alleged
4 illegal conduct.
5    Finally, the government opposes the motion to exclude
6 prior bad acts and convictions as overbroad and premature,
7 noting that the government will provide "reasonable notice in
8 advance of trial" of all 404(b) evidence it plans to introduce.
9    Accordingly, the motion is denied in its entirety.  It
10 is moot as to Brady, Rule 16, and expert disclosures, premature
11 as to Giglio, Jencks Act, and 404(b) material, and meritless,
12 certainly, as to the witness list and bill of particulars.
13    What else would you like to discuss today, counsel?
14 Would you like a trial date?
15    MR. GINSBERG:  Not necessarily.
16    THE COURT:  What else is there left to do,
17 Mr. Ginsberg?
18    MR. GINSBERG:  There are other matters.  I had a
19 discussion with the government after I received the discovery
20 material.  When we reviewed it, it became clear to me that
21 there was a computer and a cell phone that had been seized from
22 the defendant, which the government, for their own reasons, had
23 not downloaded the material and put it on any kind of format;
24 an image, for example.  When I became aware of that after
25 reviewing all of the discovery, I requested that the government

1  make that available because it may be useful for me in terms of
2  a trial, if it's exculpatory material, which we feel it might
3  be.
4      We've had back and forth emails, and today I was
5  provided with approximately 20 disks which represent the
6  material from the computer.  I've been advised by the
7  government that, in Mr. Buckley's words, which is probably a
8  new world technology word, the government has not exploited the
9  cell phone, which I took to mean they didn't go into the cell
10 phone itself to take out any of the material that was on it.
11     We're trying to arrange an opportunity for us to do
12 that.  Unless the government decides they want to do it first
13 and then make copies for me, it will require my arranging to
14 have a forensic person go to the government's office and to
15 take the material off of the cell phone.
16     THE COURT:  That doesn't sound so complicated though.
17     MR. GINSBERG:  I don't think that it's that
18 complicated.  This is not very complicated, but it's 20
19 additional disks worth of material.  Frankly, your Honor, I
20 didn't get to making the decision or understanding that that
21 material wasn't available until late last year because I was on
22 trial from September 15 through the first week in December, I
23 believe, a three-month trial before Judge Engelmayer.  I was
24 reviewing discovery back and forth and reviewing it with my
25 client, and only when I became aware, we made the request.  The

1    material is now presented to us and we'll be able to review it.

2              In terms of a trial date, my first availability for a

3    trial date would be in June.  I have a February trial, a March

4    trial, hearings in April for a May trial, and then the May

5    trial would probably take two to three weeks, and then I don't

6    have any other trials scheduled.

7              If your Honor wishes, we could set a tentative date,

8    and I say that because, if there is going to be a trial in this

9    case, I may make applications to the Court, which I've held off

10   on doing, for Rule 15 depositions to be taken.  I've held off

11   on doing it because we're not sure there's going to be a trial,

12   and there would be a lot of work and expense involved.  If the

13   application is made and granted by the Court, it would require

14   overseas travel, and translators, and maybe videotaping, and

15   things of that nature.  I'm reluctant to begin that process

16   unless I'm fairly certain that there is going to be a trial.

17             I've talked with the government, and hopefully by the

18   end of this month I will be in a position to know whether we

19   need to proceed along those lines or not, but I just didn't

20   want to willy-nilly ask the Court to start doing that.

21             THE COURT:  No.  I'm very appreciative of that.

22             MR. GINSBERG:  That's where we stand in terms of our

23   availability.  Thank you, your Honor.

24             THE COURT:  Thank you.  Does the government have any

25   comment?

1                MR. STANSBURY:  No, your Honor.  I would just say that
2     if we're looking at a potential June trial date, and
3     Mr. Ginsberg is going to know within the next two to three
4     weeks whether he's going to be making Rule 15 applications,
5     there's no reason to not get going with the briefing on that so
6     that we don't postpone the trial date even more.
7                THE COURT:  Absolutely.  I understand from
8     Mr. Ginsberg's presentation that if, by the end of the month
9     his view is that all of this is necessary, that he will hop to
10    it and get that application in quickly so we can rule on it
11    and, if granted, you people will have enough time to do what
12    you have to do in advance of trial.
13               Let's set June 15 as the trial date.  I'll ask you for
14    your requested voir dire questions and your requests to charge
15    the week before trial, unless you think there's something hinky
16    there.
17               I am certain that you will work out a schedule for any
18    trial motions that have to be made.  From the government's
19    briefing, I know that they will take care of whatever 404(b)
20    issues we have well in advance.
21               What else, friends?  Are we still thinking two to
22    three weeks?
23               MR. STANSBURY:  Yes, your Honor.
24               MR. GINSBERG:  If the government's case will take two
25    to three weeks, and if we do proceed with Rule 15 depositions,

1  I would say the defense case would take no more than a week,
2  but it could take a full week with other witnesses and the
3  possibility of the defendant testifying.
4          THE COURT:  Thank you for that help.
5          MR. STANSBURY:  Just to be more precise, I'm confident
6  our case could probably be completed within two weeks.
7          THE COURT:  Thank you.
8          Anything else today, friends?
9          MR. STANSBURY:  No, your Honor.  We just ask that time
10 be excluded until the trial date of June 15 for the defendant
11 to consider his Rule 15 deposition requests, and also for the
12 parties to continue to explore any potential disposition short
13 of trial.
14         THE COURT:  Any objections, Mr. Ginsberg?
15         MR. GINSBERG:  I have no objection, your Honor.
16         THE COURT:  Thank you.  In order to permit the parties
17 to continue those activities, time between today and June 15 is
18 excluded from calculation under the Speedy Trial Act in the
19 interest of justice.
20         Did you have anything else, Mr. Ginsberg?
21         MR. GINSBERG:  No.  I think your Honor is clear that I
22 tried to move as quickly as I can in this case given the kind
23 of material that we have and the other constraints that I have
24 with trials.  I'm not in control of some of those other
25 factors.

1           THE COURT:  Would you be kind enough to update us by
2  letter no later than the end of the month?  Just let us know
3  where you are in your process, that's all, so we don't lose
4  track of what's going on.
5           MR. GINSBERG:  Yes, your Honor.
6           THE COURT:  Thank you.
7           MR. GINSBERG:  You're welcome.
8           THE COURT:  Counsel, thank you for your assistance.
9  Your sleds are waiting outside.
10           (Adjourned)